THE PEOPLE *ex rel.* COUNTY OF LA SALLE, Plaintiff-Appellee, *v.* ROBERT D. ENGEL *et al.*, Defendants-Appellants.

Third District    No. 81-33

Opinion filed September 29, 1981.—Rehearing denied October 28, 1981.

John Kevin Kneafsey, of Chicago, for appellants.

Gary L. Peterlin, State's Attorney, of Ottawa (James A. Lanuti, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

Appellants in this case were attempting to conduct a public auction sale of real estate. The County of La Salle (hereinafter County) thought that the proposed sale violated the County's subdivision ordinance. A lawsuit to enjoin the sale was filed by the County. Without service on any of the appellants and without notice to them, an *ex parte* hearing was held on January 16, 1981, and a temporary restraining order was issued which restrained appellants from proceeding with the sale which had been advertised for the following day.

The temporary restraining order was served, and the proposed sale was not held.

Appellants filed a motion to vacate the temporary restraining order and a separate motion for substitution of judge. Both were denied. Both should have been granted.

The relevant facts may be succinctly stated. Appellants had been interested in selling the subject real estate for a considerable period of time. Notice of the proposed January 17 sale appeared in an advertisement in a local paper on December 11, which is to say, more than 30 days before the sale was to take place. The County did not file its lawsuit until January 13. The temporary restraining order was obtained on January 16. Not until the temporary restraining order was issued were the appellants served or notified of the lawsuit.

Certainly, there are circumstances which can warrant the issuance of a temporary restraining order without notice. Such circumstances, however, must be made manifest. No such circumstances were shown in this case. No service was obtained, and no notice of the hearing was given. Appellants were entitled to notice of the hearing. Careful examination of the record causes us to believe that service could have been obtained and notice given in this case. Efforts in this regard were feeble at best. While this finding is completely dispositive of the case, we also note that the complaint for temporary restraining order was defective because it was

not verified. This is a fatal flaw. Finally, the motion for substitution of judge, which was filed by appellants immediately upon their entry into the case, was timely and should have been granted.

The orders of the Circuit Court of La Salle County denying the motion to vacate the temporary restraining order and denying the motion for substitution of judge are reversed. The temporary restraining order is vacated. This cause is remanded to the Circuit Court of La Salle County.

Reversed and remanded.

SCOTT, P. J., and ALLOY, J., concur.